UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEVIN EUGENE WALKER,

    Plaintiff,

v.                                                                              Case No. 3:20-cv-5959-LC/MJF

KILOLO KIJAKAZI,

    Defendant.
    _____/

## REPORT AND RECOMMENDATION

Pending before this court is Plaintiff's unopposed motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). Doc. 19. For the reasons set forth below, the undersigned respectfully recommends that the District Court grant this unopposed motion.

### I. BACKGROUND

On November 25, 2020, Plaintiff Kevin Eugene Walker commenced this action seeking review of a final adverse decision of the Commissioner of the Social Security Administration. Doc. 1. On July 25, 2022, the undersigned recommended that the District Court reverse and remand this action for further proceedings because the Commissioner had improperly applied the law. Doc. 16. On August 25, 2022, the District Court adopted the undersigned's report and recommendation. Doc. 17. The District Court, pursuant to sentence four of 42 U.S.C. § 405(g), reversed the

decision of the Commissioner and remanded this action for further proceedings. *Id.*; *see* Doc. 18. Plaintiff now requests an award of attorney's fees of $6,218.39 and costs of $400.00. Doc. 19 at 1.

## II. Discussion

### A. Eligibility for Award of Fees

The EAJA allows for the award of attorney's fees and certain costs against the government, provided: (1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States, and that party's net worth is less than $2 million; (2) an application for such fees—including an itemized justification for the amount requested—is timely filed within thirty days of the final judgment in the action; (3) the position of the government was not substantially justified; and (4) no special circumstances make an award unjust. The absence of any one of these criteria precludes an award of fees. See 28 U.S.C. § 2412(d)(l)(A), (B).

In this case, the parties do not dispute that Plaintiff is eligible for an award of attorney's fees. That is, Plaintiff's net worth is less than $2 million and he was the prevailing party. Doc. 19 at ¶ 7; *see Shalala v. Schaefer*, 509 U.S. 292, 302-03 (1993) (holding that a plaintiff who obtains a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) is a prevailing party). The motion

was filed timely.¹ Additionally, as discussed in the undersigned's report and recommendation, the Commissioner's position was not substantially justified. Finally, there are no special circumstances that would make an award of attorney's fees unjust, especially considering that the Commissioner filed no objection to the payment of EAJA fees in this case. *See* Doc. 19 at 8. Accordingly, an award of fees is appropriate.

**B.     Amount of Proposed Award**

In his motion, Plaintiff seeks $6,218.39 in attorney's fees for 29.4 hours worked. *Id.* at 1. As to the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

Here, Plaintiff seeks an award based upon an hourly rate of $211.51 for work performed in 2021. Doc. 19 at 6 (requesting that this court approve an hourly rate in excess of $125 based on the Consumer Price Index and the SSA's 1.3% cost-of-

---

¹ The judgment typically becomes final after sixty days. In this case, it became final on October 24, 2022. *See* Fed. R. App. P. 4(a)(1)(B) (noting that the parties have sixty days to appeal the final judgment of the district court). A prevailing plaintiff then has another thirty days within which to file an application for fees. *See Shalala*, 509 U.S. at 297-98 (discussing timeliness of EAJA application).

living increase). Having considered Plaintiff's unopposed motion, the undersigned concludes that the rate requested is reasonable. *See Selby v. Kijakazi*, No. 3:20-cv-2335/MCR/EMT, 2022 WL 1205626, at *2 (N.D. Fla. Feb. 10, 2022) (finding that an hourly rate of $208.80 for work performed in 2019 and 2020 was reasonable); *Trinko v. Comm'r of Soc. Sec.*, No. 6:20-CV-1191-CEM-GJK, 2021 WL 9599904, at *1 (M.D. Fla. Dec. 15, 2021) (awarding an hourly rate of $211.55 for work performed in 2021); *Alvarez v. Comm'r of Soc. Sec.*, No. 8:21-CV-7-JSS, 2021 WL 4846179, at *2 (M.D. Fla. Oct. 18, 2021) (finding that an hourly rate of $208.80 for work performed in 2019 and 2020 was reasonable)

Additionally, the undersigned also concludes that the number of hours expended by Plaintiff's attorney—29.4—is reasonable. Doc. 19, Doc. 21. In this district, the typical work time for an attorney seeking review of the Commissioner's decision denying benefits is between 20-30 hours. *See Jackson v. Astrue*, No. 3:09-cv-218/MCR/MD, 2010 WL 2330269, at *2 (N.D. Fla. May 11, 2010), *adopted*, 2010 WL 2330246, at *1 (N.D. Fla. June 10, 2010); *see also Lavoie v. Colvin*, No. 14-1352-JWL, 2016 WL 4181323, at *3 (D. Kan. Aug. 8, 2016) (noting that the typical social security appeal requires between 30 and 40 hours); *Marshall v. Astrue*, No. 7:09-cv-33(HL), 2011 WL 2604768, at *2 (M.D. Ga. May 10, 2011) ("The typical attorney work time expanded in an EAJA case ranges between twenty (20) and forty (40) hours."); *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 n.2 (C.D. Cal.

2000) (discussing that a survey of social security disability cases suggests an average range of twenty to forty hours). Accordingly, the undersigned finds that $6,218.39 is a reasonable fee in this case.

## C.     Amount of Costs

Plaintiff also seeks reimbursement of costs incurred in filing the complaint in this action. Doc. 19 at 1; Doc. 21-1 at 1. The undersigned finds that $400 for filing fees is a reasonable claim for costs in this case under 28 U.S.C. § 2412(a). *See Caylor v. Astrue*, 769 F. Supp. 2d 1350, 1354 (M.D. Fla. 2011).

## D.     Whether the Award Is Payable to Plaintiff or Attorney

The Supreme Court has held that an award of "fees and other expenses" to a "prevailing party" under section 2412(d) is payable to the litigant, not to the litigant's attorney. *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010); *Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008). The Court further held that because the EAJA award was "payable to the prevailing litigant," the government could offset a claimant's qualifying debt (to the United States) against that award. *Ratliff*, 560 U.S. at 596. The award in this case, therefore, is properly payable to Plaintiff, as the "prevailing litigant," assuming an award remains after any qualifying debts to the United States have been satisfied. This court will require, however, that any award be mailed to Plaintiff's attorney's office, so that Plaintiff and his attorney may mutually implement their fee agreement without this court's involvement.

### III. CONCLUSION

For the reasons set forth above, the undesigned respectfully **RECOMMENDS** the District Court **GRANT** Plaintiff's unopposed motion for attorney's fees and costs, Doc. 19, as follows:

1. Plaintiff shall recover costs in the amount of **$400.00**, and attorney's fees in the amount of **$6,218.39** for time expended by his counsel in representing him before the United States District Court for the Northern District of Florida, pursuant to 28 U.S.C. § 2412. The fee award is subject to an offset to satisfy any qualifying outstanding debt that Plaintiff may owe to the United States.

2. If Plaintiff receives all or any portion of the EAJA fee award, it must be mailed to him in care of his attorney, Ian MacLaren, III, 1013 Airport Blvd., Pensacola, Florida 32504.

At Pensacola, Florida, this <u>18th</u> day of November, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** See **N.D. Fla. Loc. R. 72.2;** see also **28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting**

**party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**